[35 NYS3d 393]

In the Matter of JOSEPH G. SCALI (Admitted as JOSEPH GIRARD SCALI), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 6, 2016

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Matthew Lee-Renert* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

By decision and order on application of this Court dated November 22, 2011, the Grievance Committee for the Ninth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a petition dated July 22, 2011, which contained 32 charges of professional misconduct, and the issues raised were referred to Mark S. Oxman, Esq., as Special Referee, to hear and report. After a preliminary conference on March 14, 2012, the respondent filed a motion, in effect, to compel discovery, which was denied by decision and order on motion of this Court dated October 19, 2012. The respondent's further motion for leave to reargue was denied by decision and order on motion of this Court dated March 4, 2013. Hearings were held on April 11, 2013 and June 19, 2013.

Before the Special Referee rendered a report, the Grievance Committee moved pursuant to 22 NYCRR 691.4 (l) (1) (i) to suspend the respondent from the practice of law, and for leave to serve a supplemental petition. By decision and order on motion dated November 25, 2013, this Court immediately suspended the respondent from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i) based upon his failure to cooperate with the Grievance Committee, authorized the Grievance Committee to serve upon the respondent a supplemental petition dated July 25, 2013, containing 17 additional charges of professional misconduct, and referred the issues raised in the supplemental petition to Mark S. Oxman, Esq., as Special Referee, to hear and report.

Prior to the hearing on the supplemental petition, in an unrelated matter, under Appellate Division docket No. 2014-

06741, the Grievance Committee served a notice pursuant to 22 NYCRR 691.3, based upon the respondent's disbarment by the United States District Court for the Southern District of New York. By decision and the order on application dated October 8, 2014, this Court directed a hearing concerning the respondent's defenses pursuant to 22 NYCRR 691.3 (c), and the issues raised were referred to Mark S. Oxman, Esq., as Special Referee, to hear and report. By decision and order on motion dated January 20, 2015, this Court denied the respondent's motion to hold the above-referenced disciplinary matters in abeyance pending the completion of his deposition in an action commenced in the Supreme Court, Nassau County, and the parties were directed to proceed with the hearings forthwith.

After the hearings were completed on April 22, 2015, the Special Referee filed a report in which he sustained charges 1-17, 21, 24-42, 44, and 49, sustained in part charge 18, and did not sustain charges 19, 20, 22, 23, 43, and 45-48. Further, with respect to the application to impose discipline pursuant to 22 NYCRR 691.3, the Special Referee found that the respondent failed to establish that the order of the Unites States District Court for the Southern District of New York dated May 23, 2014 was arrived at in deprivation of the right of due process to which the respondent is entitled.

The Grievance Committee now moves to confirm in part and disaffirm in part the Special Referee's report, and to impose such discipline upon the respondent as this Court deems appropriate. Prior to submitting response papers, the respondent filed an affidavit of resignation with this Court sworn to on January 7, 2016. Thereafter, the respondent, by his attorney, submitted an affirmation in opposition to the Grievance Committee's motion, contending that, in view of the respondent's affidavit of resignation, the motion was moot and, therefore, should be denied. In that regard, we note that the respondent's affidavit of resignation simply acknowledges that he is "aware of a pending investigation" that concerns his failure to cooperate with the Grievance Committee in connection with one complaint and, as such, does not sufficiently acknowledge the extent of his professional misconduct. Furthermore, under the circumstances of this case, the acceptance of the respondent's proffered resignation at this late stage, after the hearings have been completed and the Special Referee has filed a report, would serve only to allow him to avoid the findings of his

professional misconduct. We therefore reject the respondent's proffered resignation. As to the charges in the petition and the supplemental petition, we find the Special Referee properly sustained charges 1-17, 21, 24-42, 44, and 49, and in part charge 18. However, we find that the Special Referee improperly declined to sustain charges 19, 20, 22, 23, 43, and 45-48, and in part charge 18, and those charges should have been sustained, based upon the evidence adduced.

### The Petition

Charge 1 alleges that the respondent failed to preserve funds on deposit in his attorney escrow account, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). On or about March 8, 2007, the balance in the respondent's Orange County Trust Company attorney escrow account (No. xxxxx1388, hereinafter the escrow account) was $143,669.99, which was below the amount that should have been on deposit for clients and/or third parties in the account at that time. Based upon the foregoing, charge 2 alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 3 alleges that the respondent misappropriated funds on deposit in his IOLA attorney trust account at Commerce Bank (No. xxxxx9416, hereinafter the IOLA trust account), in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). During the period from on or about March 16, 2007 through on or about January 31, 2008, the respondent disbursed funds for three client matters, totaling approximately $2,337, without sufficient funds on deposit for those clients, thereby invading funds in the account belonging to other clients.

Charge 4 alleges that the respondent misappropriated funds on deposit in his IOLA trust account, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). In or about September 2007, the respondent disbursed $75,000 from his IOLA trust account by debit payable to American Express. By virtue of this disbursement, the respondent invaded funds in the IOLA trust account belonging to client Benjamin Genender.

Charge 5 alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in viola-

tion of former Code of Professional Responsibility DR 1-102 (a)
(7) (22 NYCRR 1200.3 [a] [7]). The respondent made disbursements from his IOLA trust account prior to the deposit and/or
clearance of corresponding funds, as follows:

| Client | Date & Disbursement | | Deposit Date |
|---|---|---|---|
| Kent | 6/25/07 | $ 5,000 | 9/25/07 |
| Kent | 9/24/07 | $75,000 | 9/25/07 |
| Simpson | 10/30/07 | $ 3,500 | 11/5/07 |
| Worster | 4/26/07 | $ 500 | 4/27/07 |

Charge 6 alleges that the respondent misappropriated funds
on deposit in his escrow account, in violation of former Code of
Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46
[a]). In or about May 2005, the respondent issued escrow check
No. 5512 in the amount of $484.43 to his client, Thomas Luyster, but that check was never negotiated. Without Luyster's
consent, the respondent applied the $484.43 towards fees he
claimed Luyster owed him.

Charge 7 alleges that the respondent misappropriated funds
on deposit in his escrow account, in violation of former Code of
Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46
[a]). In or about September 2006, the respondent issued escrow
check No. 5715 for $100 to Stephen Kroleski on behalf of his
client, Cameron Gray, but that check was never negotiated.
Thereafter, without any specific approval from Gray and/or
Kroleski, the respondent applied the $100 towards fees he
claimed Gray owed him.

Charge 8 alleges that the respondent engaged in conduct
that adversely reflects on his fitness to practice law, based
upon the allegations of charges 6 and 7, in violation of former
Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR
1200.3 [a] [7]).

Charges 9 and 10 allege that the respondent commingled
personal/operating funds with funds held in a fiduciary capacity in his escrow and/or IOLA trust account by, among other
things, failing to promptly disburse funds from those accounts
that were owed to him as legal fees, in violation of former Code
of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46
[a]).

Charge 11 alleges that the respondent commingled personal/
operating funds with funds held in a fiduciary capacity in his
IOLA trust account, in violation of former Code of Professional
Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). On June

22, 2007, the respondent deposited $17,137 from an entity known as "Colon Entertainment" into his IOLA trust account, which funds were unrelated to his practice of law.

Charges 12 and 13 allege that the respondent breached his fiduciary duty by failing to account for funds deposited into his IOLA trust account, and engaged in conduct that adversely reflects on his fitness to practice law, in violation of former Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]). On or about April 20, 2007, the respondent disbursed $10,000 to himself by debit memo from his IOLA trust account. On November 21, 2007, the respondent disbursed $2,000 to himself by debit memo from his IOLA trust account. The respondent failed to identify the corresponding deposit(s) for the disbursements when requested by the Grievance Committee.

Charge 14 alleges that the respondent failed to disburse funds from his IOLA trust account to a named payee, in violation of former Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]). On 12 dates during the period from on or about March 16, 2007 through December 31, 2007, the respondent disbursed funds from his IOLA trust account via counter withdrawals and/or debit memos.

Charges 15 and 16 allege, inter alia, that the respondent failed to maintain required records in connection with his IOLA trust account for the period from on or about March 16, 2007 through December 31, 2007, in violation of former Code of Professional Responsibility DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1]). During this period, the respondent failed to maintain a record in which he recorded the purpose for disbursements, and in some instances, he failed to fully and accurately record the details of transactions in connection with his IOLA trust account.

Charge 17 alleges that the respondent failed to maintain required records, in violation of former Code of Professional Responsibility DR 9-102 (d) (7) (22 NYCRR 1200.46 [d] [7]). During the period from on or about March 16, 2007 through December 31, 2007, the respondent represented three clients in connection with individual claims to recover damages for personal injuries. In one or more of these matters, the respondent failed to produce, and/or failed to maintain, a copy of the closing statement required to be filed with the Office of Court Administration pursuant to 22 NYCRR 691.20.

Charge 18 alleges that the respondent failed to produce a written fee agreement with a client, in violation of former Code

of Professional Responsibility DR 2-106 (c) (2) (ii) and/or (d) (22 NYCRR 1200.11 [c] [2] [ii]; [d]). During 2007, the respondent represented Nilda Newell in connection with a domestic relations matter, and Tina Simpson, in a claim based upon personal injuries. The respondent failed to provide these clients with a written retainer agreement and/or other written memorialization of the fee agreement.

Charge 19 alleges that the respondent failed to provide itemized billing statements in a timely manner, in violation of 22 NYCRR 1400.2. The respondent represented Nilda Newell and Benjamin Gernender in connection with domestic relations matters. During the course of the respondent's representation in both matters, he failed to provide itemized billing statements at least every 60 days for his legal services. Based upon the foregoing, charge 20 alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 21 alleges that the respondent failed to exercise his supervisory responsibilities in breach of his fiduciary duties, in violation of former Code of Professional Responsibility DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2]). During 2007, the entry of information into the records kept for the respondent's IOLA trust account, as well as the review and reconciliation of that account, were performed by a non-attorney employee with little direct supervision by the respondent.

Charge 22 alleges that the respondent revealed client confidences and/or secrets, in violation of former Code of Professional Responsibility DR 4-101 (b) (1) (22 NYCRR 1200.19 [b] [1]). During 2007, the respondent represented a client in connection with a criminal matter. Following the issuance of a guilty verdict by the jury, but prior to sentencing, the respondent moved the court to allow him to withdraw from the case and establish a lien for unpaid legal fees. In his affirmation in support of that motion, the respondent claimed that there had been multiple instances during the attorney-client relationship in which his client had misrepresented facts and/or engaged in other dishonest conduct. Based upon the foregoing, charge 23 alleges that the respondent used client confidences and/or secrets to the disadvantage of the client, in violation of former Code of Professional Responsibility DR 4-101 (b) (2) (22 NYCRR 1200.19 [b] [2]).

Charge 24 alleges that the respondent engaged in conduct that is prejudicial to the administration of justice, in violation

of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]). On or about September 29, 2006, the Administrative Judge for the Ninth Judicial District issued an order assigning the respondent to represent Virginia Hemion in a matrimonial action in Supreme Court, Orange County, without compensation. In or about November 2007, without court authorization, the respondent sought and received a $3,500 fee directly from Hemion. Based upon the foregoing, charge 25 alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charges 26 through 32 involve the respondent's representation of Christian Freij, who was the driver of a car involved in a motor vehicle accident, as well as his passenger, Jessica Harkrider, who suffered severe injuries in that accident. In or about December 2007, the respondent undertook representation of Harkrider for her personal injury claims from the accident, and engaged in negotiations with Freij's insurance carrier. By letter dated March 20, 2008, the respondent was advised that he had been discharged from representing Harkrider, and was directed to forward his complete file to her new counsel, Neimark & Neimark, LLP. He failed to do so. Subsequent to being discharged, the respondent engaged in negotiations on behalf of Harkrider with Freij's insurance carrier and the attorneys for the other parties, and offered legal advice and opinions regarding her injuries. Based upon the foregoing, charge 26 alleges that the respondent accepted employment from parties with differing interests, in violation of former Code of Professional Responsibility DR 5-105 (a) (22 NYCRR 1200.24 [a]); charge 27 alleges that the respondent failed to provide Harkrider with a written fee agreement, in violation of former Code of Professional Responsibility DR 2-106 (d) (22 NYCRR 1200.11 [d]); charges 28 and 29 allege that the respondent failed to properly withdraw from representation, in violation of former Code of Professional Responsibility DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2]) and DR 2-110 (b) (4) (22 NYCRR 1200.15 [b] [4]), respectively; and charge 31 alleges that the respondent engaged in improper communications, in violation of former Code of Professional Responsibility DR 7-104 (a) (1) or (2) (22 NYCRR 1200.35 [a] [1], [2]). Charges 30 and 32 each allege that the respondent engaged in conduct that adversely reflects on his fitness to

practice law, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon charges 26, 28, 29, and 31, respectively.

## The Supplemental Petition

Charges 33 through 37 involve a real estate transaction in which Javid Sakahaee, together with other family members, as principals of Chanel A Co., sought to purchase property located in Westmoreland County, Pennsylvania, from Opal Industries, Inc. (hereinafter the Sakahaee transaction).

Charge 33 alleges that the respondent misappropriated escrow funds, and/or engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rules 1.15 (a) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. The respondent received $170,000 on behalf of the purchasers, which he deposited into his IOLA trust account on or about January 11, 2011. The respondent received an additional $1,502,962.09 on behalf of the purchasers, which he deposited into his IOLA trust account on or about April 22, 2011. The funds received from the purchasers were to be held in escrow by the respondent. However, from January 24, 2011 through until February 15, 2011, and/or the period beginning April 26, 2011 through October 31, 2012, the balance in the respondent's IOLA trust account fell below the amount that should have been on deposit for the Sakahaee transaction.

Charge 34 alleges that the respondent engaged in conduct that involves dishonesty, fraud, deceit or misrepresentation and/or also adversely reflects on his fitness as a lawyer in violation of rule 8.4 (c) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). By letter dated October 5, 2011, the purchaser's attorney, Peter Thompson, Esq., requested the respondent to retain $850,000 in escrow, and to return the balance of funds. In response, by letter sent on or about October 20, 2011, the respondent furnished checks which totaled approximately $822,962 to the purchaser's attorney, and further advised Thompson that he would "retain the sum you requested [$850,000] in the hopes that the parties are able to reach a new agreement." Although the respondent was required to maintain a minimum balance of $850,000 in his IOLA trust account, on or about October 20, 2011, the balance was less than that sum.

Charge 35 alleges that the respondent failed to pay funds held in escrow as requested to the party or parties entitled to

receive them in violation of rule 1.15 (c) (4) of the Rules of Professional Conduct (22 NYCRR 1200.0). By letter dated May 23, 2012, Thompson advised the respondent that the parties had not been able to reach an agreement in the real estate transaction and requested the return of the remaining $850,000 escrow. As of the date of the supplemental *petition*, the respondent failed to pay the funds as requested.

Charge 36 alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and that adversely reflects on his fitness to practice law in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or about December 5, 2012, the Grievance Committee sent a complaint filed by Javid Sakahaee to the respondent, and requested his answer within 10 days. No response was received. Despite a further request by letter dated February 5, 2013, the respondent failed to submit an answer to the complaint of Javid Sakahaee.

Charge 37 alleges, inter alia, that the respondent failed to produce the required bank and bookkeeping records reflecting his receipt, deposit, and preservation of the funds entrusted to him in the Sakahaee transaction as requested by the Grievance Committee, and/or engaged in conduct prejudicial to the administration of justice, in violation of rules 1.15 (i) and 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Charge 38 alleges that the respondent's attempt to disburse $42,089.82 on April 27, 2012 from his IOLA trust account, when there were insufficient funds on deposit on that date, is conduct that adversely reflects on his fitness to practice law in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Charge 39 alleges, inter alia, that the respondent failed to provide requested bank and bookkeeping records in connection with a sua sponte dishonored check complaint, and/or engaged in conduct that is prejudicial to the administration of justice in violation of rules 1.15 (i) and 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). By letter dated June 4, 2012, the Grievance Committee forwarded a copy of a "dishonored check notice" to the respondent, which advised him that a sua sponte complaint had been opened, and requested that he submit a written answer within 20 days of his receipt of that letter. Although the respondent was granted an extension until July 23, 2012, no response was received. A second request was made by letter dated August 2, 2012. In response, by letter

dated September 6, 2012, the respondent advised the Grievance Committee that he had stopped using the account in question as an escrow account in "late 2011," that no client funds were on deposit therein, and that he believed that the Grievance Committee's counsel had "no right to investigate a personal account used for non-legal and business matters." By letter dated September 12, 2012, the Grievance Committee again made a request of the respondent for the bank and bookkeeping records for the account, as well as an explanation regarding the continuing identification of the account as a fiduciary account. The respondent failed to produce the requested records.

Charge 40 alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0). Notwithstanding his claim to the contrary, in or about 2012, the respondent continued to identify the IOLA trust account as an attorney trust account, issued checks with that designation, and deposited and maintained funds in the account that he received in his capacity as an attorney incident to the practice of law.

Charge 41 alleges that the respondent made approximately 146 disbursements from his IOLA trust account from in or about January 2011 through October 2012, by either a cash withdrawal, debit, or electronic transfer, and not to a named payee, in violation of rule 1.15 (e) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Charge 42 alleges that during the period from January 1, 2011 through October 31, 2012, the respondent commingled personal and/or operating expenses with funds held as a fiduciary in his IOLA trust account, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Charge 43 alleges that the respondent failed to refund the unearned portion of a fee that had been paid to him in advance upon being discharged by his client Beatriz Hernandez, in violation of rule 1.16 (e) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Charge 44 alleges that the respondent engaged in conduct prejudicial to the administration of justice and that adversely reflects on his fitness to practice law by failing to provide the Grievance Committee with his billing statements issued to Beatriz Hernandez, as well as his file correspondence in her matter, in violation of rule 8.4 (d) and (h) of the Rules of Profes-

sional Conduct (22 NYCRR 1200.0). The initial request was made in August 2012, and followed with subsequent requests by letters dated September 18, 2012, September 27, 2012, and October 4, 2012. Although the respondent submitted a letter dated October 11, 2012, he failed to submit the requested records.

Charge 45 alleges that the respondent engaged in conduct prejudicial to the administration of justice, and that adversely reflects on his fitness to practice law, by failing to provide the Grievance Committee with an answer to a complaint filed by Carol Croci, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent was notified of the Croci complaint by letter dated September 27, 2012, via certified mail and regular first-class mail, and was requested to submit a written answer within 10 days of receipt. The only communication received from the respondent regarding the Croci matter was a letter dated November 12, 2012, which related to a judicial subpoena and subpoena duces tecum served by the Grievance Committee. No answer to the Croci complaint was received from the respondent.

Charges 46 and 47 allege that the respondent engaged in conduct prejudicial to the administration of justice and that adversely reflects on his fitness to practice law by failing to appear and produce records at an examination under oath at the Grievance Committee's office, as compelled by so-ordered subpoenas, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or about October 24, 2012, the respondent was served with a judicial subpoena and subpoena duces tecum issued by this Court, in relation to the Hernandez and Croci complaints. The respondent was granted an adjournment of his appearance for the examination under oath until November 7, 2012, but advised that he was required to produce the subpoenaed records on October 26, 2012. The respondent failed to produce the records on October 26, 2012 and failed to appear for the examination under oath on November 7, 2012.

Charge 48 alleges that the respondent engaged in conduct prejudicial to the administration of justice and that adversely reflects on his fitness to practice law by failing to pay a $2,000 fee arbitration settlement to his former client, Dawn Ehrenberg, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Charge 49 alleges that the respondent engaged in conduct prejudicial to the administration of justice and that adversely

reflects on his fitness to practice law by failing to provide the Grievance Committee with an answer to a complaint filed by Dawn Ehrenberg, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). By letter dated November 5, 2012, the Grievance Committee sent the respondent a copy of the Ehrenberg complaint via regular first-class mail and certified mail, and requested that he provide a written answer within 10 days. The respondent failed to submit an answer. The Grievance Committee made a second request for the respondent's answer by letter dated February 5, 2013, sent via regular first-class mail and fax. No response was received from the respondent. Notwithstanding a third request made on or about February 14, 2013, the respondent did not submit an answer to the Ehrenberg complaint.

Based on the evidence adduced, we find that all charges should have been sustained. Accordingly, those branches of the Grievance Committee's motion which were to confirm in part, and disaffirm in part, those portions of the report of the Special Referee which pertain to the charges in the petition and the supplemental petition are granted.

In determining an appropriate measure of discipline to impose, we find that the respondent has engaged in serious misconduct, including a repeated and longstanding failure to honor his duties as a fiduciary as demonstrated by his misappropriation of escrow funds on multiple matters, commingling of client and personal funds, failure to maintain and produce required bank and bookkeeping records, as well as his failure to cooperate with the lawful demands of the Grievance Committee concerning the investigation of multiple complaints. Of note, the respondent has an extensive disciplinary record, having received eight admonitions and six letters of caution for similar misconduct, including his failure to properly handle funds or property in which another party had a potential interest, commingling personal funds with funds held as a fiduciary incident to the practice of law, and failure to cooperate with grievance investigations. Under the totality of circumstances, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law (see Matter of Goddard, 103 AD3d 139 [2012]). In view of the respondent's disbarment, the application pursuant to 22 NYCRR 691.3, under Appellate Division docket No. 2014-06741, is discontinued.

ENG, P.J., RIVERA, DILLON, BALKIN and LEVENTHAL, JJ., concur.

Ordered that those branches of the Grievance Committee's motion which were to confirm in part and disaffirm in part the Special Referee's report insofar as it pertained to the charges in the petition and supplemental petition are granted, and the motion is otherwise denied as academic in light of our discontinuance of the application pursuant to 22 NYCRR 691.3, under Appellate Division docket No. 2014-06741; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph G. Scali, admitted as Joseph Girard Scali, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the proffered affidavit of resignation of the respondent, Joseph G. Scali, admitted as Joseph Girard Scali, is rejected; and it is further,

Ordered that the respondent, Joseph G. Scali, admitted as Joseph Girard Scali, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Joseph G. Scali, admitted as Joseph Girard Scali, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Joseph G. Scali, admitted as Joseph Girard Scali, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the application pursuant to 22 NYCRR 691.3, under Appellate Division docket No. 2014-06741, is discontinued.